```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Stefan Gauthier

    v.                                        Case No. 23-cv-507-SM-TSM
                                                Opinion No. 2024 DNH 038

United States of America

O R D E R

Stefan Gauthier, who is a prisoner and proceeding pro se, filed a petition, pursuant to 28 U.S.C. § 2255, to vacate his sentence on two counts of possession with intent to distribute methamphetamine. United States v. Gauthier, 19-cr-08-SM (D.N.H. Aug. 27, 2021) (aff'd 53 F.4th 674 (1st Cir. 2022)). The government filed a response in which it challenged each of Gauthier's claims on the merits. Gauthier then moved to withdraw his petition, noting that he sought to avoid having the withdrawn petition count for purposes of a second or successive petition under 28 U.S.C. § 2255(h). The government filed a response, acknowledging Gauthier's right to withdraw his petition but not agreeing that the withdrawn petition would not count as a first petition for purposes of § 2255(h).

For the following reasons, the court gives Gauthier an opportunity to withdraw his motion before granting the motion to withdraw his petition (doc. no. 4).

Discussion

Gauthier's motion raises questions about the effect of a voluntary withdrawal of a § 2255 petition. Gauthier asks the court to dismiss the petition in a manner that will avoid the restrictions imposed by § 2255(h). The government, in essence, argues that the second or successive determination must be made if and when Gauthier files another petition that would implicate the restrictions under § 2255(h).

An action may be voluntarily dismissed after the opposing party has responded only by order of the court and upon "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Voluntary dismissal by court order is generally without prejudice. Id. The Federal Rules of Civil Procedure, however, apply to § 2255 proceedings only to the extent that they are not inconsistent with § 2255. Rule 12, Rules Governing § 2255 Proceedings for the United States District Courts. For that reason, Rule 41 cannot be applied in § 2255 proceedings to block the application of § 2255(h). Williams v. United States, 91 F.4th 1256, 1259 (8th Cir. 2024).

Section 2255(h) "severely restricts the circumstances under which individuals may file multiple petitions." Case No. 19-cv-184-JAW, Mitchell v. United States, 2024 WL 326784, at *5 (D. Me. Jan. 29, 2024). Under § 2255(h), a petitioner must seek

certification from the appropriate court of appeals before filing a second or successive petition.  See 28 U.S.C. § 2244.  To obtain certification, the petition must contain either newly discovered evidence or a new and retroactive rule of constitutional law that was not available previously. § 2255(h).  Section 2255 does not define "second or successive." United States v. Barrett, 178 F.3d 34, 42-43 (1st Cir. 1999).

Generally, a subsequently filed petition is not second or successive, for purposes of § 2255(h), "if the earlier petition terminated without a judgment on the merits." Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997).  Although the First Circuit Court of Appeals has not addressed the issue, other courts recognize an exception to the general rule when a petitioner voluntarily withdraws an initial § 2255 petition after the government has filed a response that demonstrates the futility of the claims in the petition.  See, e.g., Williams, 91 F.4th at 1258-59 (citing cases); United States v. Raymond, 815 F. App'x 144, 147 (9th Cir. 2020); United States v. Rejda, 790 F. App'x 900, 905 (10th Cir. 2019); In re Moore, 735 F. App'x 883, 887 (6th Cir. 2018); Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004); Potts v. United States, 210 F.3d 770, 770-71 (7th Cir. 2000); Bradley v. United States, Case. No. 23-cv-1069-FL, 2024 WL 1025458, at *3 (E.D.N.C. Jan. 10, 2024) (citing cases); McPherson v. United States, Case Nos. 19-cv-8635 & 19-

cv-11036, 2020 WL 2765914, at *3-*4 (S.D.N.Y. May 28, 2020) (citing cases); Boulier v. United States, Case No. 13-cr-132-JAW, 2020 WL 1930482, at *2 (D. Me. Apr. 21, 2020).  As the courts held in the above cited cases, the effect of a voluntarily withdrawn petition, for purposes of § 2255(h), depends on the circumstances that existed when the petition was withdrawn, including whether the petitioner was represented by counsel and his reasons for withdrawing the petition.

Here, the question of a second or successive petition under § 2255(h) is not expressly before the court--Gauthier has not filed another petition that might trigger the § 2255(h) requirements.  Whether the circumstances and reasons for Gauthier's withdrawing the petition would weigh in favor of counting the current petition for purposes of § 2255(h) must be decided if and when Gauthier files another petition.[1]  Dismissal of the current petition without prejudice, as provided by Rule 41(a)(2), resolves only that petition and does not determine the petition's status in the context of § 2255(h).  See, e.g., In re Moore, 735 F. App'x at 887; see also Williams, 91 F.4th at 1259.

---

[1] The Tenth Circuit has suggested that the counting decision should be made when a petition is voluntarily dismissed.  See Rejda, 790 F. App'x at 904-05.  The court declines to follow that guidance, which is not binding on this court.

4

Conclusion

For the foregoing reasons, Gauthier's motion to withdraw the petition (doc. no. 4) would ordinarily be granted, but as is discussed above, that determination does not decide any issue that may arise with respect to the application of § 2255(h) if Gauthier files another § 2255 petition.

In light of that result and in recognition of Gauthier's pro se status, the court gives Gauthier **fourteen days** from the date of this order to file a notice that he either **(1)** withdraws his petition, despite the lack of a determination as to whether another petition will count as second or successive under § 2255(h), or **(2)** that he withdraws his motion to withdraw and provides a response to the government's motion to dismiss.

If Gauthier does not file the notice, the court will enter judgment based on Gauthier's motion to withdraw as is provided in this order.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 9, 2024

cc:  Stefan Gauthier, pro se
     John J. Kennedy, AUSA